# Illinois Official Reports

## Supreme Court

*Bartlow v. Costigan*, 2014 IL 115152

| | |
|---|---|
| Caption in Supreme Court: | RHONDA BARTLOW *et al*., Appellants, v. JOSEPH COSTIGAN, as Director of the Illinois Department of Labor, Appellee. |
| Docket No. | 115152 |
| Filed | February 21, 2014 |
| Modified upon denial of rehearing | May 27, 2014 |
| Held (*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | A facial vagueness challenge to the constitutionality of the Employee Classification Act (which addresses the misclassification of construction-industry employees as independent contractors) was rejected, while a procedural due process challenge was mooted by statutory amendments effective in 2014 under which any future enforcement would proceed. |
| Decision Under Review | Appeal from the Appellate Court for the Fifth District; heard in that court on appeal from the Circuit Court of Franklin County, the Hon. Robert W. Lewis, Judge, presiding. |
| Judgment | Appellate court judgment affirmed in part and vacated in part. Circuit court judgment affirmed in part and vacated in part. |

Counsel on Appeal

Jana Yocom, of Mt. Vernon, for appellants.

Lisa Madigan, Attorney General, of Springfield (Michael A. Scodro, Solicitor General, and Mary E. Welsh, Assistant Attorney General, of Chicago, of counsel), for appellee.

Justices

JUSTICE KILBRIDE delivered the judgment of the court, with opinion.
Chief Justice Garman and Justices Freeman, Thomas, Karmeier, Burke, and Theis concurred in the judgment and opinion.

## OPINION

¶ 1      This appeal involves a constitutional challenge to the Employee Classification Act (820 ILCS 185/1 *et seq.* (West 2010)). Plaintiffs filed a complaint in the circuit court of Franklin County seeking a declaratory judgment and injunctive relief against defendant, Joseph Costigan, in his capacity as the Director of the Illinois Department of Labor.[1] In relevant part, the plaintiffs alleged a number of facial constitutional defects in the Act. The circuit court granted defendant's motion for summary judgment, and the appellate court affirmed. For the following reasons, we affirm in part and vacate in part the judgments of the appellate court and the circuit court.

¶ 2      I. BACKGROUND

¶ 3      Because this case presents purely legal questions, we detail only the procedural and factual background necessary to provide context for our analysis. The Act is directed at the classification of employees in Illinois's construction industry, and the Illinois Department of Labor (the Department) is responsible for enforcing its provisions. 820 ILCS 185/3, 25 (West 2010).

¶ 4      Plaintiffs Rhonda and Jack Bartlow are general partners in a construction-related business called Jack's Roofing that installs siding, windows, seamless gutters, and roofs. The remaining named plaintiffs, Ryan Towle and Charles Eric Modglin, are involved in siding, window, and roof installation for Jack's Roofing.

¶ 5      In September 2008, the Department sent Jack's Roofing a notice of investigation, explaining that the Department had received a complaint that Jack's Roofing was violating the Act by misclassifying its employees as independent contractors. In connection with that

---

[1]Joseph Costigan, the current Director of the Illinois Department of Labor, was substituted as a party in place of Catherine M. Shannon, the originally named defendant and Costigan's predecessor. 735 ILCS 5/2-1008(d) (West 2010).

investigation, the Department requested related contracts, work records, payroll, and payment records.

¶ 6    Jack's Roofing provided the Department with over 750 documents, including related bids, contracts, and payments. In April 2009, a Department conciliator conducted a telephone interview with Rhonda Bartlow and various individuals who had contracted with Jack's Roofing.

¶ 7    In February 2010, the Department sent Jack's Roofing a notice of its "preliminary determination," concluding that Jack's Roofing had misclassified ten individuals, including plaintiffs Towle and Modglin for between 8 and 160 days in 2008. The Department calculated a "potential penalty" of $1,683,000. The Department also requested a response within 30 days for consideration before making its "final determination."

¶ 8    On March 1, 2010, the Department sent Jack's Roofing notice of a second investigation and requested additional information.

¶ 9    In response, plaintiffs filed an action against the Department in the circuit court on March 12, 2010, seeking injunctive relief and a declaratory judgment.

¶ 10    In their five-count complaint, plaintiffs asserted that the Department's actions caused uncertainty on "how to continue in their business in compliance with [the Act]" and requested a temporary restraining order and a preliminary injunction enjoining the Department from enforcing the Act or interfering with their business during the litigation. Plaintiffs also sought a declaration that the Act is unconstitutional because it violates: (1) the special legislation clause of the Illinois Constitution because it subjects the construction industry to more stringent employment standards than other industries; (2) the due process clauses of the United States and Illinois Constitutions because it does not provide an opportunity to be heard and is impermissibly vague; (3) the prohibition against bills of attainder in the United States Constitution because it is a legislative act that inflicts punishment without a judicial trial; and (4) the equal protection clauses of the United States and Illinois Constitutions because no other industry is subjected to the same standards when seeking to hire independent contractors.

¶ 11    Following a hearing, the circuit court denied plaintiffs' request for a temporary restraining order. On interlocutory appeal, the appellate court reversed and remanded, reasoning that plaintiffs had raised a "fair question" about whether the Act authorizes the Department to adjudicate alleged violations of the Act without a meaningful hearing. *Bartlow v. Shannon*, 399 Ill. App. 3d 560 (2010), *appeal denied*, 237 Ill. 2d 552 (2010) (table).

¶ 12    On remand, the parties filed cross-motions for summary judgment. In ruling on these motions, the circuit court entered a memorandum of decision in October 2011, denying plaintiffs' request for declaratory and injunctive relief. The court recognized that the Act did not provide for any type of administrative hearing but concluded that "the Department is not precluded from giving [p]laintiffs notice and a hearing if it so chooses." After construing plaintiffs' constitutional claims as presenting a "facial challenge only," the court rejected all of plaintiffs' constitutional challenges and found the Act to be valid and enforceable.

¶ 13    In November 2011, the circuit court entered a final order based on its memorandum of decision. The court granted summary judgment on all counts in favor of the Department. Subsequently, however, the court granted plaintiffs a stay pending appeal.

¶ 14    On direct appeal, the appellate court affirmed, rejecting plaintiffs' facial challenges to the constitutionality of the Act. 2012 IL App (5th) 110519, ¶ 77. In reaching its decision, the appellate court adopted a construction of the Act, advanced by the Department, that limited the Department to a "no consequences" investigative role. According to the appellate court, if the Department, through its investigations, determined that the Act had been violated, enforcement would require a *de novo* proceeding in the circuit court.

¶ 15    This court allowed plaintiffs' petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010).

## II. ANALYSIS

¶ 17    On appeal, plaintiffs argue that the appellate court improperly rejected their facial constitutional challenges to the Act and erred by affirming the circuit court's order in favor of the Department. We review *de novo* rulings on summary judgment. *Lazenby v. Mark's Construction, Inc.*, 236 Ill. 2d 83, 93 (2010). Our review of the constitutionality of the Act, and its proper statutory construction, is similarly subject to *de novo* review. *Citizens Opposing Pollution v. Exxon Mobil Coal U.S.A.*, 2012 IL 111286, ¶ 23; *Lazenby*, 236 Ill. 2d at 93.

¶ 18    Reviewing courts have a duty to construe a statute to preserve its constitutionality whenever reasonably possible. *People v. Masterson*, 2011 IL 110072, ¶ 23. Indeed, statutes are presumed constitutional, and the challenging party has the burden to prove the statute is unconstitutional. *Masterson*, 2011 IL 110072, ¶ 23. As this court has explained, this burden is particularly heavy when, as here, a facial constitutional challenge is presented.[2] *Hope Clinic for Women, Ltd. v. Flores*, 2013 IL 112673, ¶ 33. When construing a statute, our goal is to determine and effectuate the legislature's intent, best indicated by giving the statutory language its plain and ordinary meaning. *Innovative Modular Solutions v. Hazel Crest School District 152.5*, 2012 IL 112052, ¶ 22.

## A. The Act

¶ 20    Initially, we generally outline the Act's provisions. Effective January 1, 2008, the Act was enacted by the General Assembly with the express purpose to "address the practice of misclassifying employees as independent contractors" in the construction industry. 820 ILCS 185/3 (West 2010). Consistent with this purpose, the Act broadly provides that any individual "performing services" for a construction contractor is "deemed to be an employee of the employer." 820 ILCS 185/10(a) (West 2010).

¶ 21    In turn, the statutory term "performing services" is extensively defined as follows:

> "[T]he performance of any constructing, altering, reconstructing, repairing, rehabilitating, refinishing, refurbishing, remodeling, remediating, renovating, custom

---

[2] To the extent that plaintiffs ask this court to determine "alternatively" that the Act is unconstitutional as applied or that "as-applied relief" is appropriate, we agree with the lower courts that plaintiffs' claims constitute facial challenges. Here, plaintiffs effectively argue that the Act is unconstitutional in all circumstances. See *Davis v. Brown*, 221 Ill. 2d 435, 442 (2006) (facial challenge requires a showing that under no circumstances would the challenged act be valid). We, therefore, limit our constitutional analysis to plaintiffs' facial challenges to the Act.

- 4 -

fabricating, maintenance, landscaping, improving, wrecking, painting, decorating, demolishing, and adding to or subtracting from any building, structure, highway, roadway, street, bridge, alley, sewer, ditch, sewage disposal plant, water works, parking facility, railroad, excavation or other structure, project, development, real property or improvement, or to do any part thereof, whether or not the performance of the work herein described involves the addition to, or fabrication into, any structure, project, development, real property or improvement herein described of any material or article of merchandise. Construction shall also include moving construction related materials on the job site to or from the job site." 820 ILCS 185/5 (West 2010).

Thus, the Act creates a broad presumption that any individual "performing services," as statutorily defined, for a construction contractor is an employee of that contractor. The Act, however, exempts independent contractors, sole proprietors, or partnerships who can satisfy specific statutory criteria showing that they effectively operate independently from the construction contractor. 820 ILCS 185/10(b), (c) (West 2010).

¶ 22    Any interested party may file a complaint with the Department against a construction entity or employer if there is a reasonable belief that the entity or employer is violating the Act by misclassifying its employees. 820 ILCS 185/125(a) (West 2010). The Department is empowered to conduct investigations in connection with its administration of the Act. The Department is authorized to visit and inspect, at all reasonable times, any places covered by the Act and to inspect any documentation necessary to determine whether an individual should be considered an employee under the Act. 820 ILCS 185/25(a) (West 2010).

¶ 23    Following the investigation, if the Department believes the Act has been violated the Department may: (1) issue and cause to be served on any party an order to "cease and desist" from further violation of the Act; (2) take affirmative or other action as deemed reasonable to eliminate the effect of the violation; (3) collect the amount of any wages, salary, employment benefits, or other compensation denied or lost to the individual; and (4) assess any civil penalty allowed by the Act. 820 ILCS 185/25(b) (West 2010). For a first violation, the Act imposes a civil penalty of $1,500 for each day that a contractor improperly classifies an employee, with the penalty increasing to $2,500 per day for repeat violations. 820 ILCS 185/40 (West 2010). The Department can also impose debarment on any construction contractor for second or subsequent violations within a five-year period by identifying the contractor on the Department's website and prohibiting them from receiving state contracts for a period of four years after the date of the last violation. 820 ILCS 185/42 (West 2010).

¶ 24    Willful violations of the Act, or obstruction of a Department investigation, result in civil penalties up to double the typical amount. 820 ILCS 185/45(a)-(c) (West 2010). Willful violations of the Act constitute a Class C misdemeanor, and a second or subsequent violation within a five-year period constitutes a Class 4 felony. 820 ILCS 185/45(d) (West 2010).

¶ 25    The Act prohibits construction employers or entities from retaliatory discharge of employees for exercising their rights under the Act and authorizes the imposition of penalties for any retaliation. 820 ILCS 185/55 (West 2010). The Act also prohibits the waiver of any of its provisions and makes it a Class C misdemeanor for an employer to attempt to induce any individual to waive any provision of the Act. 820 ILCS 185/70 (West 2010).

¶ 26    The Act also creates a private right of action, permitting any individual aggrieved by a construction contractor's violation of the Act to file an action in the circuit court to recover

lost wages and benefits, be awarded compensatory damages and an amount up to $500 for each violation, 10% of any civil penalty imposed, and attorney's fees and costs. 820 ILCS 185/60, 40 (West 2010). A private action must be commenced within three years from the final date of performing services, but the limitations period is tolled if the employer deterred the individual's exercise of rights under the Act. 820 ILCS 185/60 (West 2010).

¶ 27    Finally, we note that during the pendency of this appeal, the Act was substantively amended to require the Department to provide notice and conduct formal administrative hearings subject to the Administrative Review Law. See Pub. Act 98-106 (eff. Jan. 1, 2014) (the amendments).

¶ 28    Effective January 1, 2014, within 120 days of a complaint filed under the Act, the Department must notify the employer of the nature of the allegations, the location and approximate date of the project or projects, and affected contractors. Pub. Act 98-106 (eff. Jan. 1, 2014) (to be codified at 820 ILCS 185/25(a)).

¶ 29    The amendments also add the following three provisions to the enforcement provisions found in section 25 of the Act:

> "(c) If, upon investigation, the Department finds cause to believe that Section 20 or Section 55 of this Act has been violated, the Department shall notify the employer, in writing, of its finding and any proposed relief due and penalties assessed and that the matter will be referred to an Administrative Law Judge to schedule a formal hearing in accordance with the Illinois Administrative Procedure Act.

> (d) The employer has 28 days from the date of the Department's findings to answer the allegations contained in the Department's findings. If an employer fails to answer all allegations contained in the Department's findings, any unanswered allegations or findings shall be deemed admitted to be true and shall be found true in the final decision issued by the Administrative Law Judge. If, within 30 calendar days of the final decision issued by the Administrative Law Judge, the employer files a motion to vacate the Administrative Law Judge's final decision and demonstrates good cause for failing to answer the Department's allegations, and the Administrative Law Judge grants the motion, the employer shall be afforded an opportunity to answer and the matter shall proceed as if an original answer to the Department's findings had been filed.

> (e) A final decision of an Administrative Law Judge issued pursuant to this Section is subject to the provisions of the Administrative Review Law and shall be enforceable in an action brought in the name of the people of the State of Illinois by the Attorney General." Pub. Act 98-106 (eff. Jan. 1, 2014).

The amendments also reduced civil penalties under the Act to $1,000 per day for an employee misclassification, and $2,000 per day for repeat violations. Pub. Act 98-106 (eff. Jan. 1, 2014).

¶ 30    Following oral argument, we directed the parties to file supplemental briefing on whether the new amended statute should be applied to this case and, if so, whether the constitutional challenges have been rendered moot. In their supplemental brief, plaintiffs argued that the amended Act should not be applied "retroactively" to this case and, therefore, none of their constitutional claims are moot. The Department disagrees. Noting that this matter has never advanced beyond the investigatory stage to final judgment or enforcement, the Department

argues that, going forward, any enforcement of the Act against plaintiffs must proceed in accordance with the amendments. Thus, because the amended Act must apply to any enforcement proceeding against plaintiffs, plaintiffs' procedural due process claim has been rendered moot.

¶ 31 We agree with the Department that the amended Act must be applied in this case. When plaintiffs brought this action seeking declaratory and injunctive relief, there was no final determination regarding plaintiffs' violation of the Act and no penalties assessed. Thus, as the Department acknowledges, its ability to enforce the Act against plaintiffs depends on its future compliance with the Act's new enforcement requirements in the amendments. Having determined that the amendments apply to any proceedings against plaintiffs, we now consider whether any of plaintiffs' constitutional challenges have been rendered moot.

¶ 32 B. Procedural Due Process

¶ 33 We first address plaintiffs' argument that the Act is unconstitutional under the due process clauses of the United States and Illinois Constitutions because it violates their rights to procedural due process. Specifically, plaintiffs contend that the Act improperly authorizes the Department to perform "a judicial function" without providing a proper hearing and other procedural safeguards.

¶ 34 Before reviewing the merits of plaintiffs' claim, however, we must address the parties' disagreement on whether the recent amendments to the Act have rendered plaintiffs' due process challenge moot. Generally, an appeal is rendered moot if an event occurs that "foreclose[s] the reviewing court from granting effectual relief to the complaining party." *In re Shelby R.*, 2013 IL 114994, ¶ 15. Accordingly, this court recognizes that when a challenged statute is amended to remove or to alter the ostensibly unconstitutional language while the cause is pending, the constitutional challenge to the statute becomes moot. *Johnson v. Edgar*, 176 Ill. 2d 499, 511 (1997); see also *Forest Preserve District v. City of Aurora*, 151 Ill. 2d 90, 94-95 (1992) (concluding that it is unnecessary to review the constitutionality of a statute that is amended during a pending appeal).

¶ 35 Here, the Act's enforcement procedures underlying plaintiffs' procedural due process challenge have been substantively replaced during the pendency of this appeal. Specifically, effective January 1, 2014, the Act has been amended to require written notice of the Department's findings, provide a formal hearing under the Illinois Administrative Procedure Act (5 ILCS 100/1-1 *et seq.* (West 2012)), and subject a final decision to judicial review under the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2012)). See Pub. Act 98-106 (eff. Jan. 1, 2014). Thus, the Act's pre-amendment enforcement provisions, challenged by plaintiffs here, have been completely replaced with a new enforcement process that includes notice, a formal hearing, and administrative review. Consequently, we conclude that plaintiffs' procedural due process claim is moot. See *Johnson*, 176 Ill. 2d at 511 (constitutional challenge to a statute rendered moot when alleged unconstitutional provisions are amended while appeal is pending).

¶ 36 Moreover, declaring the pre-amendment Act's enforcement system unconstitutional and entering an injunction against its use, as plaintiffs seek here, would have no practical effect because the Department lost the ability to use that system on January 1, 2014. Indeed, as we noted above, no final judgment based on a finding that plaintiffs violated the Act has been

entered. Instead, in February 2010, the Department sent Jack's Roofing a notice of its "preliminary determination," concluding that Jack's Roofing had misclassified ten individuals, including plaintiffs Towle and Modglin, for between 8 and 160 days in 2008. The Department calculated a "potential penalty" of $1,683,000. Following a subsequent notice of another investigation, plaintiffs filed the instant declaratory judgment action, challenging the Act's constitutionality and seeking injunctive relief. The Department has never attempted to enforce the Act or to collect the "potential penalty," nor has a final adverse judgment been entered against the plaintiffs under the pre-amended version of the Act. Under these circumstances, this court cannot grant plaintiffs effectual relief on their procedural due process challenge to the pre-amendment Act's enforcement system, rendering it moot. *In re Shelby R.*, 2013 IL 114994, ¶ 15.

¶ 37                                    C. Vagueness Challenge

¶ 38        Plaintiffs next argue that section 10 of the Act, providing statutory exemptions from the Act, is unconstitutionally vague under the due process clauses of the United States and Illinois Constitutions. U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2. Because the January 1, 2014, amendments to the Act do not alter the language of section 10, we agree with the parties that the amendments do not render plaintiffs' vagueness challenge moot.

¶ 39        Plaintiffs contend that a person of ordinary intelligence cannot determine from the language of section 10 whether a contractor has complied with the Act, or whether an individual qualifies for exemption under section 10. Plaintiffs posit that "impossibility of compliance means the Act provides no standard of conduct at all."

¶ 40        A vagueness challenge arises from the notice requirement of the due process clause. *Wilson v. County of Cook*, 2012 IL 112026, ¶ 21. As this court recognizes, "[a] statute can be impermissibly vague for either of two independent reasons: (1) if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits, or (2) if it authorizes or even encourages arbitrary and discriminatory enforcement." *City of Chicago v. Pooh Bah Enterprises, Inc.*, 224 Ill. 2d 390, 441 (2006) (citing *Hill v. Colorado*, 530 U.S. 703, 732 (2000)).

¶ 41        Although vagueness claims that implicate the First Amendment require a greater degree of specificity, " 'perfect clarity and precise guidance have never been required' " of statutes challenged as unconstitutionally vague. (Internal quotation marks omitted.) *Wilson*, 2012 IL 112026, ¶ 22 (quoting *United States v. Williams*, 553 U.S. 285, 304 (2008)). The test for determining vagueness varies with the nature and context of the legislative enactment, but the Constitution requires more specificity in statutes with criminal penalties, particularly statutes that lack a *scienter* requirement. *Wilson*, 2012 IL 112026, ¶ 23. In contrast, statutes with civil penalties that regulate economic matters are subject to a "less strict" vagueness test because they typically involve more narrow subject matter, and business interests are better placed to address, and possibly shape, regulations that will impact them. *Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498-99 (1982).

¶ 42        When reviewing a statute for vagueness, we apply familiar rules of statutory construction to examine the plain statutory language in light of its common understanding and practice. *Wilson*, 2012 IL 112026, ¶ 24 (citing *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 492 (2009)). If the plain language of the statute sets forth clearly perceived

boundaries, the vagueness challenge fails, and our inquiry ends. *Wilson*, 2012 IL 112026, ¶ 24.

¶ 43    Because plaintiffs' vagueness challenge focuses on the Act's exemptions in section 10 for independent contractors and sole proprietorships or partnerships, we detail those exemptions. Under section 10(b), an individual performing services for a construction contractor is exempted from the Act's coverage if it can be shown that:

> "(1) the individual has been and will continue to be free from control or direction over the performance of the service for the contractor, both under the individual's contract of service and in fact;
>
> (2) the service performed by the individual is outside the usual course of services performed by the contractor; and
>
> (3) the individual is engaged in an independently established trade, occupation, profession or business; or
>
> (4) the individual is deemed a legitimate sole proprietor or partnership under subsection (c) of this Section." 820 ILCS 185/10(b) (West 2010).

When determining whether the individual is free from the contractor's direction or control under subsection (b), the Department considers the totality of the circumstances using twelve factors, including how the individual is paid, who sets the prices for the services, and who arranges the work schedule. No one factor, however, is dispositive. 56 Ill. Adm. Code 240.320 (2008).

¶ 44    The second exemption from the Act is contained in subsection (c) of section 10. Under this exemption, the Act deems "legitimate" and exempts from the Act's provisions any sole proprietorship or partnership performing services for a construction contractor as a subcontractor if it is shown that:

> "(1) the sole proprietor or partnership is performing the service free from the direction or control over the means and manner of providing the service, subject only to the right of the contractor for whom the service is provided to specify the desired result;
>
> (2) the sole proprietor or partnership is not subject to cancellation or destruction upon severance of the relationship with the contractor;
>
> (3) the sole proprietor or partnership has a substantial investment of capital in the sole proprietorship or partnership beyond ordinary tools and equipment and a personal vehicle;
>
> (4) the sole proprietor or partnership owns the capital goods and gains the profits and bears the losses of the sole proprietorship or partnership;
>
> (5) the sole proprietor or partnership makes its services available to the general public or the business community on a continuing basis;
>
> (6) the sole proprietor or partnership includes services rendered on a Federal Income Tax Schedule as an independent business or profession;
>
> (7) the sole proprietor or partnership performs services for the contractor under the sole proprietorship's or partnership's name;

(8) when the services being provided require a license or permit, the sole proprietor or partnership obtains and pays for the license or permit in the sole proprietorship's or partnership's name;

(9) the sole proprietor or partnership furnishes the tools and equipment necessary to provide the service;

(10) if necessary, the sole proprietor or partnership hires its own employees without contractor approval, pays the employees without reimbursement from the contractor and reports the employees' income to the Internal Revenue Service;

(11) the contractor does not represent the sole proprietorship or partnership as an employee of the contractor to its customers; and

(12) the sole proprietor or partnership has the right to perform similar services for others on whatever basis and whenever it chooses." 820 ILCS 185/10(c) (West 2010).

¶ 45    A careful review of the plain meaning of section 10 demonstrates that its provisions provide a person of ordinary intelligence a reasonable opportunity to understand what conduct the Act prohibits. Specifically, the provisions explaining what will constitute an independent contractor, sole proprietor, or partnership are highly detailed and specific, resulting in a reasonably intelligent person understanding how to qualify for an exemption under either subsection (b) or (c). Likewise, the provisions are sufficiently detailed and specific to preclude arbitrary enforcement.

¶ 46    We also note that the Act's criminal penalties contain a *scienter* requirement of willfulness. 820 ILCS 185/45(d) (West 2010). Thus, the Act comports with this court's recognition that "[t]he Constitution tolerates a lesser degree of vagueness in enactments with criminal rather than civil penalties and specifically those without a *scienter* requirement because the consequences of imprecision are more severe." *Wilson*, 2012 IL 112026, ¶ 23.

¶ 47    We disagree with plaintiffs' assertions that it is impossible to know how to comply with the Act's exemptions. As noted above, the exemptions contained in subsections (b) and (c) of section 10 unambiguously demonstrate how and when an independent contractor, sole proprietor, or partnership will be considered exempt from the Act's application. Notably, before this court, plaintiffs strenuously assert that their subcontractors satisfied the elements of section 10, thus qualifying for an exemption from the Act. Implicitly, then, plaintiffs concede that they understand what is required under the exemptions for independent contractors, sole proprietors, or partnerships in subsections (b) and (c).

¶ 48    Moreover, plaintiffs' fundamental disagreement with the Department concerns whether the individuals who have performed services for them are exempt under the Act. But this is a factual matter, not relevant to our constitutional analysis. A party's burden in making a facial constitutional challenge does not include specific allegations of statutory compliance under the facts of the particular case. Instead, the party challenging the statute's facial constitutionality must show that the statute is "impermissibly vague in all of its applications." *People v. Taylor*, 138 Ill. 2d 204, 211 (1990).

¶ 49    Plaintiffs also argue that section 10 requires them to obtain, prior to any hiring decisions, financial and scheduling information about potential subcontractors that is in exclusive control of the subcontractor, rendering compliance with the Act's exemptions impossible. As the appellate court rightly observed, however, "plaintiffs do not explain why a contractor cannot require the subcontractor to furnish the information before entering into the

subcontract to ensure that he or she is properly classified as either an independent contractor or an employee." 2012 IL App (5th) 110519, ¶ 63. Even if this proves inconvenient for construction contractors, it does not render section 10 of the Act unconstitutionally vague on its face.

¶ 50    Accordingly, because section 10 of the Act provides a person of ordinary intelligence a reasonable opportunity to understand what conduct the Act prohibits, and does not encourage arbitrary and discriminatory enforcement, we reject plaintiffs' vagueness challenge. *Pooh Bah Enterprises, Inc.*, 224 Ill. 2d at 441.

¶ 51                          D. Other Constitutional Challenges

¶ 52    Plaintiffs also assert that the Act violates the Illinois Constitution's prohibition against special legislation and the federal and state constitutional guarantees of equal protection. These constitutional claims are made in the last two pages of plaintiffs' appellant brief. None of the claims contain the applicable standards of review, let alone a complete analysis of each independent constitutional claim. To the contrary, plaintiffs' challenges are raised in a cursory fashion. This court, however, will consider only fully briefed and argued issues. See *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010) (noting that an issue "merely listed or included in a vague allegation of error is not 'argued' " and does not satisfy Supreme Court Rule 341(h)). As our appellate court has repeatedly recognized, a reviewing court is "entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented." (Internal quotation marks omitted.) *Velocity Investments, LLC v. Alston*, 397 Ill. App. 3d 296, 297 (2010). Accordingly, we find that plaintiffs have forfeited these claims by failing to brief them fully in this court, and we do not consider them.

¶ 53                          III. CONCLUSION

¶ 54    For the foregoing reasons, we reject plaintiffs' facial constitutional challenges to the Act. Plaintiffs' procedural due process challenge to the pre-amended Act's enforcement provisions has been rendered moot by the recent amendments to the Act. Because we do not address plaintiffs' procedural due process claim on its merits, we cannot evaluate the correctness of the appellate court and the circuit court on that issue. Accordingly, we vacate the part of the appellate court's judgment and the part of the circuit court's judgment that rejected plaintiffs' procedural due process claim without expressing our opinion of the merits of that claim. See *Felzak v. Hruby*, 226 Ill. 2d 382, 394 (2007) (vacating lower courts' judgments after finding the legal issue was moot and declining to evaluate the propriety of those judgments).

¶ 55    We affirm the judgments of the appellate court and the circuit court finding that section 10 of the Act is not unconstitutionally vague. Plaintiffs' remaining constitutional challenges to the Act have been forfeited. Finally, as the Department acknowledges, any subsequent proceedings against plaintiffs under the Act must be conducted in accord with the amended provisions that became effective January 1, 2014, including the provisions providing for notice, a formal hearing, administrative review, and reduced civil penalties.

¶ 56    Appellate court judgment affirmed in part and vacated in part.

¶ 57    Circuit court judgment affirmed in part and vacated in part.