2024 IL App (1st) 240490-U

No. 1-24-0490

Order filed December 11, 2024

Third Division

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| GROSS POINT ELDERLY HOUSING, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 23 M2 002458 |
| LEONID CHARNEY and UNKNOWN OCCUPANTS, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | James L. Allegretti, |
| (Leonid Charney, Defendant-Appellant). | ) | Judge, presiding. |

_____

PRESIDING JUSTICE LAMPKIN delivered the judgment of the court.
Justices Martin and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We affirm the circuit court's eviction order where defendant failed to provide a sufficiently complete record for review on appeal.

¶ 2   Defendant Leonid Charney appeals *pro se* from the circuit court's eviction order granting plaintiff Gross Point Elderly Housing possession of the affordable housing unit he occupied in

Skokie (the unit). Because defendant has not provided a sufficiently complete record for our review on appeal, we affirm.

¶ 3     As the record on appeal lacks a report of proceedings, we glean the following facts from the common law record.

¶ 4     In July 2023, plaintiff served defendant with a notice of termination of tenancy due to violation of the terms of his lease agreement and "resident handbook." The termination notice stated, "You have repeatedly been abusive to non Jewish residents and particular Muslim residents including but not limited to on 5/16/23, when you approached a family in Muslim clothing and started telling them they are not Americans and they should go back to their country." The notice stated the termination was effective 10 days after service and required defendant to surrender possession of the unit on that date. After defendant failed to vacate the unit, plaintiff filed a complaint in the circuit court of Cook County seeking possession based on defendant's violation of his lease. The sheriff served defendant with the eviction summons and complaint.

¶ 5     In October 2023, defendant filed a motion for substitution of judge because of the assigned judge's "involvement in [defendant's] case on the plaintiff's side." Defendant alleged: "[Judge Allegretti] advised me orally that I should acquiesce to a voluntary eviction, or I would [be] evict[ed] by court, as previously the plaintiff's attorney threatened me. This is proof that the judge has taken the plaintiff's side and is not impartial." In the motion, defendant also disputed that he had abused any Muslim resident, complained that he had been unable to obtain an English/Russian

interpreter or *pro bono* attorney, and asserted the named plaintiff was not the owner of his building.[1]

¶ 6    On November 2, 2023, the circuit court held a bench trial. The court's continuance order indicated the following witnesses were present: Karen Steiner, the building manager; David Guthridge, the executive director of affordable housing; and Dawood Barkho, a resident. Also present were two interpreters. The order stated, "[Defendant] shall cooperate in the completion of an application for subsidized housing, and shall coordinate with Yuliya Leykin (service coord.) to relocate to comparable replacement housing w/in 5 months." The court held a further hearing on compliance in January 2024.

¶ 7    On February 22, 2024, the court issued an eviction order granting plaintiff immediate possession of the unit. The order reflected that it was entered "[a]fter contested hearing or trial" and that defendant, a Russian interpreter, Steiner, Guthridge, and Leykin were present in court. The next day, defendant filed an "emergency" motion to stay the eviction based on his health. He attached a letter dated October 31, 2023, in which a doctor listed defendant's medical conditions and opined that "he physically [is] not able at [the] present time to move from one apartment to another—it will endanger his fragile state of health." The circuit court denied the motion on March 1, 2024. Defendant timely appealed the eviction order.

¶ 8    In his appellate brief, defendant asserts he "was indicted based on lies and deception" and asks for "a thorough review of the conduct of this case." He requests that this court reverse the eviction order, alleging (1) plaintiff's name was incorrect and the circuit court failed to correct it;

---

[1]Though the record on appeal does not contain the circuit court's ruling on defendant's motion, we presume the court denied the motion as the case proceeded before Judge Allegretti.

(2) he was not offered an interpreter "until the very end of the case"; (3) he followed his building's rules and his landlord was persecuting him; (4) he could not have abused a Muslim resident because no Muslims lived in his building; (5) the court did not allow him to question the witnesses; (6) the court refused to add his medical documents to his case file; and (7) the judge had a personal bias against him. Defendant also provides an account of the May 16, 2023, altercation with a Muslim man that he alleges happened on an outing to the Field Museum.

¶ 9    Plaintiff did not file a response. On our own motion, we ordered the matter taken on the record and defendant's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976).

¶ 10    As an initial matter, we note defendant's brief fails to comply with the supreme court rules governing appellate briefs. It contains neither a statement of facts necessary to understand the case nor an argument section with citations to authorities and the record. See Ill. S. Ct. R. 341(h)(6)-(7) (eff. Oct. 1, 2020). "This court is not a depository in which the burden of argument and research may be dumped." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 80. A reviewing court is entitled to briefs that clearly define the issues, cite to authority, and present cohesive arguments. *Barlow v. Costigan*, 2014 IL 115152, ¶ 52. A party's status as a *pro se* litigant does not relieve him of these obligations. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32.

¶ 11    We may strike a brief and dismiss the appeal for failure to comply with the supreme court rules governing appellate procedure, which are mandatory. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶¶ 12-15. Despite the deficiencies in defendant's brief, we elect not to do so as we

understand his core contentions. Nevertheless, we cannot conduct a meaningful review of his appeal because he did not provide an adequate record for our review.

¶ 12    The appellant has the burden to present a sufficiently complete record to support a claim of error. *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001); see also Ill. S. Ct. R. 321 (eff. Oct 1, 2021); R. 323 (eff. July 1, 2017). Absent such a record, we presume the circuit court acted in conformity with the law and with a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). We resolve any doubts arising from the incompleteness of the record against the appellant. *Id.* at 392.

¶ 13    Here, the circuit court noted that its order was entered after a contested hearing or trial, and several witnesses were present at the November 2, 2023, hearing. However, the record on appeal does not contain a report of those proceedings, a bystander's report, or an agreed statement of facts as the Supreme Court Rules require. See Ill. S. Ct. R. 323(a), (c)-(d) (eff. July 1, 2017). Without a transcript of the hearing or an acceptable substitute, this court is unable to review the facts presented by the parties, the circuit court's findings of fact, or its reasoning. Although defendant maintains the case against him was "fraudulent" and the circuit court was biased, we cannot determine whether evidence supports his assertions due to the inadequacy of the record. We must presume, therefore, that the circuit court's order was in conformity with the law and had a sufficient factual basis. See *Foutch*, 99 Ill. 2d at 392.

¶ 14    For the reasons stated above, we affirm the judgment of the circuit court.

¶ 15    Affirmed.