2025 IL App (1st) 241329-U

No. 1-24-1329

Order filed June 12, 2025

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| ANTONIO ROBERT REESE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 L 2936 |
| | ) | |
| NORTHWESTERN MEMORIAL HOSPITAL, | ) | Honorable |
| | ) | Maureen O. Hannon, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1   *Held*: We affirm the trial court's dismissal order where the statutes of limitations for his discernable claims had expired prior to the filing of his complaint in March 24, 2024.

¶ 2   Plaintiff Antonio Robert Reese appeals *pro se* from the trial court's dismissal with prejudice of his complaint against defendant Northwestern Memorial Hospital. Because plaintiff failed to plead sufficient facts to maintain a legally cognizable cause of action and the relevant statutes of limitations had expired, we affirm.

¶ 3 On March 19, 2024, plaintiff filed a complaint claiming that, on an unspecified date, he underwent a mental health evaluation at defendant's facility related to "a 2015 incident." Plaintiff alleged that hospital staff refused to allow him to record audio, used excessive force resulting in scratches to his arm, and committed medical malpractice by refusing to "examine the testicle area" to diagnose the cause of blood in his stool. Plaintiff further complained that the "2015 incident" resulted in a determination that he was "a clear and present danger to society" and thus ineligible to obtain a Firearm Owner's Identification card. He sought "3.5 trillion dollars" in damages "due to defamation discrimination and appropriations enforced by law."

¶ 4 On May 24, 2024, defendant filed a combined motion to dismiss plaintiff's complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2024)), seeking dismissal on several grounds under sections 2-615 and 2-619 of the Code. Defendant attached copies of similar complaints plaintiff had filed against it in September 2020 and March 2022 and stated that all three complaints appeared to arise from the same involuntary mental health hospitalization. Defendant argued it was therefore "reasonable to conclude" the incident underlying the March 2024 complaint occurred prior to September 2020.

¶ 5 As a result, defendant alleged, plaintiff's apparent claims for medical negligence, "battery," and defamation should be dismissed as untimely as the statutes of limitations had expired before plaintiff filed his complaint in March 2024. Defendant cited the two-year statute of limitations for medical negligence (735 ILCS 5/13-212(a) (West 2024)), two-year limit for personal injury (735 ILCS 5/13-202 (West 2024)), and one-year limit for defamation (735 ILCS 5/13-201 (West 2024)).

¶ 6 Defendant further noted that plaintiff had failed to attach an affidavit and physician's report as required for a medical negligence claim. See 735 ILCS 5/2-622(a), (g) (West 2024). In addition,

because the trial court dismissed plaintiff's March 2022 complaint, defendant argued that *res judicata* barred plaintiff's March 2024 complaint making the same claims. Finally, defendant argued the court should dismiss the complaint for failure to adhere to pleading requirements, where the complaint did not contain a plain and concise statement of the causes of action, did not state the counts separately, and did not identify the date of the alleged incident. See 735 ILCS 5/2-603 (West 2024).

¶ 7    Plaintiff filed a response alleging the motion to dismiss "abridge[d]" his "right to petition the government for redress of grievance" and accusing a "Dr. Hardy" of "tampering with evidence." Four days later, plaintiff sought a "continuance" and asking for "a default judgment *** based upon the judge's negligence" and "demanding fair trial and equal protection of the law." The following day, plaintiff filed another response reiterating his claim of medical negligence.

¶ 8    On June 17, 2024, the trial court issued an order stating, in relevant part, "For the reasons set forth in defendant's motion and for the reasons stated on the record during oral argument, this matter is hereby dismissed with prejudice."

¶ 9    Plaintiff appeals. His appellate brief is difficult to parse but appears to raise the same claims of medical negligence or malpractice, "excessive force," and deprivation of his "freedom of press," as well as—for the first time—racial discrimination. Plaintiff also appears to argue his application for a fee waiver related to his March 2022 case was wrongfully denied. On an appellate briefing form, he checked a box requesting we reverse the trial court's judgment and remand for further proceedings.

¶ 10    Defendant did not file a response to plaintiff's appellate brief. On our own motion, we ordered the matter taken on the record and appellant's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976).

¶ 11    As an initial matter, plaintiff's brief fails to comply with the supreme court rules governing appellate briefs. It does not contain a table of contents, an introduction stating the nature of the action, a statement of the issues, a statement of jurisdiction, a list of statutes involved, a statement of facts necessary to understand the case, an argument section with citations to authorities and the record, or a conclusion stating the relief sought. See Ill. S. Ct. R. 341(h)(1)-(8) (eff. Oct. 1, 2020). A reviewing court is entitled to briefs that clearly define the issues, cite to authority, and present cohesive arguments. *Bartlow v. Costigan*, 2014 IL 115152, ¶ 52; see also *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 80 ("This court is not a depository in which the burden of argument and research may be dumped."). A party's status as a *pro se* litigant does not relieve him of these obligations. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32.

¶ 12    We may strike a brief and dismiss an appeal for failure to comply with the supreme court rules governing appellate procedure, which are mandatory. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶¶ 12-15. Despite these deficiencies, we proceed to the discernable merits of plaintiff's appeal.

¶ 13    As noted, defendant filed a section 2-619.1 motion seeking to dismiss under both section 2-615 and section 2-619 of the Code. See 735 ILCS 5/2-619.1 (West 2024). "[I]n reviewing a motion to dismiss pursuant to either section 2-615 or 2-619 of the Code, we may affirm on any basis appearing in the record." *Zibrat v. City of Chicago*, 2025 IL App (1st) 241273, ¶ 34. We find dismissal of plaintiff's complaint warranted under both section 2-615 and section 2-619.

¶ 14    First, dismissal was warranted under section 2-619(a)(5) as the statute of limitations for the three discernable causes of action of medical negligence, personal injury, and defamation had expired before plaintiff filed his March 2024 complaint.

¶ 15    Section 2-619(a)(5) of the Code (735 ILCS 5/2-619(a)(5) (West 2024)) allows dismissal of a complaint that is filed after the running of the applicable statute of limitations. *Federated Industries, Inc. v. Reisin*, 402 Ill. App. 3d 23, 27 (2010). We review a dismissal order pursuant to section 2-619 *de novo*. *Id.*

¶ 16    We note the record on appeal consists solely of the common law record. Although plaintiff did not file a report of proceedings, it is not essential to our disposition where the standard of review is *de novo*. See *Friedl v. Airsource, Inc.*, 323 Ill. App. 3d 1039, 1042 n.2 (2001).

¶ 17    Here, the 2024 complaint, along with the 2020 and 2022 complaints defendant attached to its motion to dismiss, reflect that the incident underlying plaintiff's present claims occurred in 2015, or at least prior to his 2020 complaint. The 2024 complaint's only references to dates are statements that "a 2015 incident *** caus[ed] [plaintiff] to have to go to Northwestern Hospital to do a mental evaluation," "the state of Illinois denied [his] FOID CARD for a 2015 incident," and "[he] was denied for a scenario that was ineligible to be used against [him] (subject 2015 incident)." The 2020 and 2022 complaints—entirely devoid of dates—appear to have arisen from the same "incident."

¶ 18    Thus, the statute of limitations for defendant's discernable 2024 claims arising from a 2015 incident would have expired prior to filing his 2024 complaint. See 735 ILCS 5/13-212(a) (West 2024) (two-year limit for medical negligence); 735 ILCS 5/13-202 (West 2024) (two-year limit for personal injury); 735 ILCS 5/13-201 (West 2024) (one-year limit for defamation). For this

reason, the trial court's dismissal order was proper. See 735 ILCS 5/2-619(a)(5) (West 2024) (complaint may be involuntarily dismissed when "the action was not commenced within the time limited by law").

¶ 19    Finally, to the extent that plaintiff alleges racial discrimination and wrongful denial of a fee waiver application, we disregard claims raised for the first time in an appellate brief. See *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 536 (1996) ("It is well settled that issues not raised in the trial court are deemed waived and may not be raised for the first time on appeal.").

¶ 20    For these reasons, we affirm the judgment of the trial court.

¶ 21    Affirmed.