2024 IL App (1st) 221252-U

No. 1-22-1252

Order filed February 7, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| CHICAGO HOUSING AUTHORITY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 M1 350054 |
| | ) | |
| RAFAEL SANTIAGO and any and all UNKNOWN OCCUPANTS, | ) | |
| | ) | |
| | ) | |
| Defendants, | ) | Honorable |
| | ) | Christ Stanley Stacey, |
| (Rafael Santiago, Defendant-Appellant). | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Reyes and Justice D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Trial court's orders denying defendant's motion for a continuance and entering a default eviction order in favor of plaintiff are affirmed.

¶ 2    This appeal follows the entry of a default eviction order against defendant Rafael Santiago, which granted plaintiff, the Chicago Housing Authority (CHA), possession of an apartment located at 2020 West Schiller Street, in Chicago, Illinois. Defendant appeals *pro se*, arguing that the trial

court erred in denying his motion for a continuance of trial, which led to the default eviction order. We affirm.[1]

¶ 3     The record on appeal consists only of the common law record and one report of proceedings, which is attached as an exhibit to a pleading in the common law record and is largely irrelevant to the subject of this appeal. The following background information is obtained from the common law record.

¶ 4     On December 9, 2016, defendant entered into a residential lease agreement with the CHA for the senior public housing apartment. Under the lease, the CHA had the power to terminate the lease based on a violation of the lease terms, including the destruction of property or engaging in criminal activity that threatened the health, safety, or right to peaceful enjoyment of the property by other residents or CHA employees.

¶ 5     On February 28, 2019, the CHA filed a complaint for eviction, seeking possession of the unit and citing multiple violations of the lease. In response to the CHA's requests to admit, defendant admitted he walked with a kitchen knife in his waistband and intentionally cut the power cord on a dryer machine in his apartment building.

¶ 6     On August 2, 2019, the trial court permitted defendant's counsel to withdraw from representation. Defendant then proceeded *pro se* for the remainder of the litigation. The CHA filed a motion for summary judgment, detailing incidents in which defendant threatened staff and building residents, walked the property with a large knife in his waistband, and was seen on

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

surveillance camera cutting the power cord to a dryer machine on the property. Following a hearing at which defendant testified, the court denied the motion for summary judgment.

¶ 7    The trial court set the case for trial for March 26, 2020, and then continued the case numerous times.

¶ 8    On May 24, 2022, defendant filed a *pro se* motion to dismiss. On June 8, 2022, with defendant present, the court denied the motion and set the pretrial hearing for July 27, 2022, and trial date for August 3, 2022. Defendant failed to appear at the July 27 pretrial hearing, and the court continued the matter to August 2, 2022.

¶ 9    On August 3, 2022, the date set for trial, defendant made an oral motion to continue the trial, which the court denied in a written order. In the order, the court noted that defendant argued "(1) That he is not ready (2) he might get a lawyer and (3) he worked on the campaign of and knows Willie Wilson and Candidate Boykin." The court set forth in detail the five bases for its decision, including defendant's prior failures to appear in court ready for trial.

¶ 10    Also on August 3, 2022, the court entered an eviction order by default, granting the CHA possession of the unit and directing defendant to move out of the unit on or before August 10, 2022. The eviction order further stated that "Defendant appeared in court, and told the court he was leaving the courtroom and would not stay for trial after his motion to continue was denied. A separate order has been entered."

¶ 11    On August 9, 2022, the day before defendant was ordered to move out of the unit, he filed a *pro se* motion for a continuance to obtain a lawyer. On August 16, 2022, defendant filed a *pro se* motion to stay the eviction. On August 17, 2022, he filed a *pro se* notice of appeal.

¶ 12    On August 31, 2022, with all parties appearing, the trial court denied defendant's motion to stay enforcement of the possession order entered on August 3, 2022.

¶ 13    An eviction unit affidavit from the Cook County Sheriff's Office states that on September 26, 2022, responding officers arrived at the unit to enforce the court ordered eviction. The responding officers went over the "plaintiff questionnaire" with the "receiver," who was on the scene and agreed to proceed with the eviction. The responding officers made entry into the unit and found it vacant. According to the affidavit, "notice posted" and "receiver given possession."

¶ 14    On September 30, 2022, defendant filed *pro se* an emergency motion to stay the eviction in this court, asserting that "they change[d] the door lock of my apartment on the 27th of September." He stated that "[w]e are staying in the car for now."

¶ 15    On October 3, 2022, this court allowed defendant's motion until further order of court and directed the CHA to file a response to the motion to stay eviction. *Chicago Housing Authority v. Santiago*, 1-22-1252 (Oct. 3, 2022) (disposition order).

¶ 16    On October 6, 2022, defendant filed another *pro se* emergency motion to stay eviction in this court, stating that the manager of the building refused to let him into the unit after he showed her this court's order. Defendant also stated that he went to the "Sherrif [*sic*] Department" at the Daley Center, which informed him that "once the eviction is already in place [it] is out of their hands."

¶ 17    On October 7, 2022, the CHA filed a response to defendant's motions to stay, stating that on September 26, 2022, the Cook County Sheriff executed the trial court's eviction order and evicted defendant. The CHA stated that defendant filed an emergency motion to stay eviction with this court on September 30, 2022, nearly 30 days after the trial court denied a motion to stay and

after defendant had been evicted, but he did not mention he had already been evicted. In its motion, the CHA argued that defendant's motions to stay the eviction were moot.

¶ 18    On October 13, 2022, this court entered an order stating that it had been "further advised that Defendant-Appellant had already been evicted from the premises prior to this court's granting the stay on October 3, 2022." We vacated the October 3, 2022, order granting a stay of eviction and denied defendant's October 6, 2022, emergency motion to stay eviction. *Chicago Housing Authority v. Santiago*, 1-22-1252 (Oct. 13, 2022) (disposition order).

¶ 19    On appeal, defendant argues that the trial court erred in denying his motion for a continuance of trial in the eviction proceedings and granting possession to the CHA by default. Specifically, he states that he was denied his right to a jury trial and requests that we reverse the trial court's decision to evict him "on the grounds of default defendant not in court." He further argues that he was "never found guilty of the crime in which the original violation of lease was issued."

¶ 20    We agree with the CHA that defendant's brief, submitted using portions of the Supreme Court's approved preprinted appellant brief form, fails to comply with Illinois Supreme Court Rule 341(h) (eff. Oct 1, 2020), which provides mandatory procedural rules that govern the content and format of appellate briefs. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8. For example, the section labeled "statement of facts" fails to cite to the record and improperly includes argument. Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Additionally, the brief omits the designated "jurisdiction" section, as well as the "argument" section in which defendant was required to provide cohesive legal arguments with citations to relevant law. See Ill. S. Ct. R. 341(h)(4)(ii), (7) (eff. Oct. 1, 2020).

¶ 21    This court will not be more lenient with *pro se* litigants, who must still comply with all the same rules of procedure as other litigants. *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 45. Supreme court rules are not mere suggestions, and we may strike the brief and dismiss the appeal for failure to comply with the rules. *North Community Bank v. 17011 South Park Ave.*, *LLC*, 2015 IL App (1st) 133672, ¶ 14. The CHA requests that we reject defendant's brief and arguments on that basis and affirm the trial court's decision. Although it would be within our discretion to strike defendant's brief and dismiss the appeal for the inadequacies of his brief (*Gillard*, 2019 IL App (1st) 182348, ¶ 45), we find that we are precluded from considering the merits of this appeal for a different reason.

¶ 22    As an initial matter, although neither party addresses mootness in their briefs on appeal, mootness is a jurisdictional question that we may review *sua sponte*. *Davis v. City of Country Club Hills*, 2013 IL App (1st) 123634, ¶ 10. An appeal is moot if there is no actual controversy, or when it has become impossible for the reviewing court to render effectual relief. *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10. Appellate jurisdiction requires an actual controversy. *Baker v. Forest Preserve District of Cook County*, 2015 IL App (1st) 141157, ¶ 35. We will not consider moot issues, render advisory opinions, or consider issues where the outcome does not change the result. *Commonwealth Edison Co.*, 2016 IL 118129, ¶ 10. The question of whether a case is moot is a matter of law that we review *de novo*. *Maday v. Township High School District 211*, 2018 IL App (1st) 180294, ¶ 44.

¶ 23    In this case, the eviction order granted possession of the unit to the CHA and required defendant to vacate the unit on or before August 10, 2022. The record on appeal shows that defendant has already vacated the unit and possession has been returned to the CHA, as

demonstrated by the sheriff's eviction unit affidavit enforcing the eviction order. Pleadings filed in this court, including defendant's motions to stay the eviction, corroborate this.

¶ 24    The purpose of an eviction claim is to determine which party is entitled to possession. *Milton v. Therra*¸ 2018 IL App (1st) 171392, ¶ 23. Where, as here, a defendant vacates the subject property in an eviction proceeding, the issue of possession becomes moot; we cannot grant any effective relief on the issue of possession. See *Circle Management LLC v. Olivier*, 378 Ill. App. 3d 601, 607 (2007). Necessarily, defendant's challenge to the trial court's order denying his request for a continuance in order to challenge the CHA's action for possession also became moot.

¶ 25    Accordingly, we may address defendant's arguments only if one of the three recognized exceptions to the mootness doctrine applies. *In re Rob W.*, 2021 IL App (1st) 200149, ¶¶ 49-50.

¶ 26    The public interest exception does not apply as the issues defendant presents on appeal concern the unique facts of the case—namely the trial court's denial of his motion for a continuance, which resulted in the default order granting possession to the CHA when defendant apparently left the courtroom and refused to participate in the trial—and are not of a public nature. See *Commonwealth Edison Co.*, 2016 IL 118129, ¶ 12 (public-interest exception applies when (1) the question presented is of a public nature, (2) an authoritative determination of the question is desirable to guide public officers in the future, and (3) the question is likely to recur.).

¶ 27    Similarly, the capable-of-repetition exception does not apply as there is no reasonable expectation that defendant again would be subject to eviction on the same bases as the instant eviction or that another court would deny him a continuance for the same reasons as the trial court here. *In re Alfred H.H.*, 233 Ill. 2d 345, 358 (2009) (capable-of-repetition exception has two elements: (1) the challenged action must be of a duration too short to be fully litigated prior to its

cessation and (2) there must be a reasonable expectation that the same complainant would be subjected to the same action again).

¶ 28    However, the collateral consequences exception may apply. "Under this exception, where collateral consequences survive the expiration or cessation of a court order that are likely to be redressed by a favorable judicial determination, appellate review is permissible." *In re Rita P.*, 2014 IL 115798, ¶ 31. The exception applies where collateral consequences of a court order that has ceased to be effective could return to plague the party seeking review of the order in a future proceeding or affect other aspects of that party's life. *People v. Madison*, 2014 IL App (1st) 131950, ¶¶ 12-13. Here, the eviction order could render defendant ineligible for future public housing. See 24 C.F.R. § 982.552(c)(i), (ii), (ix), (xi) (2020) (a public housing agency may deny housing program assistance to an applicant who has been evicted from federally assisted housing within the prior five years, or has engaged in or threatened abusive or violent behavior toward public housing personnel, or who has engaged in criminal activity); 24 C.F.R. § 982.553(a)(2)(ii)(A)(3) and (4), (c) (2020) (criminal activity includes activity which may threaten the health and safety of public housing property staff and residents, regardless of whether the offender has been arrested or convicted for such activity).

¶ 29    Nevertheless, assuming the collateral consequences exception to mootness applies, we affirm. The record is insufficient for our review of defendant's contentions that the trial court improperly denied his oral motion to continue the eviction trial and entered a default eviction order of possession in favor of the CHA.

¶ 30    Defendant, as the appellant, bears the burden of presenting a sufficient record so that this court may determine whether there was the error he claims. *Maniscalco v. Porte Brown*, 2018 IL

App (1st) 180716, ¶ 30. Claims regarding the trial court's factual findings and the bases for its legal conclusions "obviously cannot be reviewed absent a report or record of the proceeding." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). Thus, failure to provide this court with a sufficient record is construed against the appellant (*Maniscalco*, 2018 IL App (1st) 180716, ¶ 30), and we must presume that the trial court's order was in conformity with the law and had a sufficient factual basis (*Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984)).

¶ 31    Here, on June 8, 2022, the trial court set the trial date for August 3, 2022. Defendant could have filed a motion to continue during the almost two month period preceding the trial date but instead orally moved for a continuance on the day of trial. The court denied the motion, reciting in its order previous instances in which defendant failed to appear in court. The trial court also entered the default eviction order in favor of the CHA. The order stated that, after the court denied defendant's motion to continue, defendant said he was leaving the courtroom and would not stay for trial.

¶ 32    Defendant has not provided a transcript of these proceedings or a proper substitute for the transcript under Illinois Supreme Court Rule 323 (eff. July 1, 2017). We therefore are without a record of the evidence and arguments presented to the trial court and of the grounds for denying the motion for a continuance and entering the default eviction order in favor of the CHA.

¶ 33    As a result, we cannot determine whether the trial court abused its discretion in denying the continuance. See *Andersonville South Condominium Ass'n v. Federal National Mortgage Co.*, 2017 IL App (1st) 161875, ¶¶ 28-30 (trial court has discretion to grant a continuance on good cause shown; decisive factor is whether the movant has shown a lack of diligence in proceeding with the litigation). Nor can we determine whether the evidence supported the default eviction order. See

735 ILCS 5/9-109.5 (West 2022) ("After a trial, if the court finds, by a preponderance of the evidence, that the allegations in the complaint have been proven, the court shall enter an eviction order in favor of the plaintiff."); 735 ILCS 5/9-109 (West 2022) ("If the defendant does not appear, having been duly summoned *** the trial [on an eviction complaint] may proceed *ex parte*, and may be tried by the court, without a jury."). Accordingly, as the record is insufficient for our review of defendant's contentions, we presume that the trial court acted in conformity with the law and had a sufficient factual basis for its decision. *Foutch*, 99 Ill. 2d at 392.

¶ 34    For the foregoing reasons, we affirm.

¶ 35    Affirmed.