2024 IL App (1st) 231287-U

No. 1-23-1287

Order filed March 1, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| 6103-07 CLAREMONT, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 23 M1 700722 |
| ANGELA HUNTER and UNKNOWN OCCUPANTS, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | James A. Wright, |
| (Angela Hunter, Defendant-Appellant). | ) | Judge, presiding. |

JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Hyman and Tailor concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's appeal from the portion of the eviction order granting plaintiff possession of the apartment unit is dismissed as moot. The circuit court's monetary judgment awarded to plaintiff for unpaid rent and costs is affirmed where defendant failed to provide a sufficient record to show the court's judgment was erroneous.

¶ 2    In this forcible entry and detainer action, defendant Angela Hunter appeals *pro se* from an agreed eviction order entered by the circuit court granting possession of the subject apartment unit

and a monetary judgment for unpaid rent and costs in favor of plaintiff, 6103-07 Claremont, LLC (Claremont). On appeal, Hunter contends the circuit court erred when it denied her motion to dismiss the eviction complaint filed under section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2022)) because the pleading was legally and factually insufficient. Hunter further contends the court violated her right to procedural due process when it ignored her written request for a briefing schedule to address her motion to dismiss and, instead, denied her motion *sua sponte*. Hunter also argues that all the orders entered by the circuit court were invalid because they did not include language stating that the court was "fully advised in the premises." In addition, Hunter argues that the circuit court erred when it failed to recognize that she signed the agreed eviction order under duress after it disregarded her motion to dismiss, and she feared becoming homeless.

¶ 3    For the following reasons, we dismiss as moot Hunter's appeal challenging the portion of the eviction order granting possession of the apartment unit to Claremont as the sheriff has already enforced the eviction order and Claremont has regained possession of the unit. We affirm the circuit court's monetary judgment awarded to Claremont for unpaid rent and costs where Hunter failed to provide a sufficient record to show the court's judgment was erroneous.

¶ 4                                    BACKGROUND

¶ 5    The record on appeal consists only of the common law record. Documents in the record show that on January 13, 2023, Claremont filed an eviction complaint against Hunter and unknown occupants alleging that it was entitled to possession of the apartment unit on North Claremont Avenue in Chicago. Claremont alleged Hunter unlawfully withheld possession of the unit after it terminated her lease for nonpayment of rent. Claremont indicated that Hunter owed $4940 in rent

from October 1, 2022, to January 31, 2023. Claremont requested that the court grant it possession of the property, the amount of past due rent plus court costs, and any additional rent due to Claremont through the date of judgment. Claremont used the eviction complaint form approved by the Illinois Supreme Court and completed each of the four sections of the form.

¶ 6    Claremont attached to its complaint a copy of Hunter's apartment lease dated April 18, 2022. The term of the lease began July 1, 2022, and ended June 30, 2023. The monthly rent was $1300. Claremont also attached a copy of Hunter's account statement dated January 10, 2023, showing a balance due of $4940. The statement indicated that the last payment Claremont received was for $1145 on October 3, 2022, with a reference code of "Cha."

¶ 7    In addition, Claremont attached to its complaint a copy of its five-day notice served to Hunter on January 6, 2023. The notice indicated that Hunter owed Claremont $4940 for past due rent and demanded full payment of that amount no later than five days after the service date. The notice stated that if Hunter failed to pay the amount due, her right to possession of the apartment would be terminated. The notice included an affidavit and proof of service stating that the property manager delivered a copy of the five-day notice to Hunter on January 6, 2023.

¶ 8    The record shows that both the Cook County Sheriff and a special process server made multiple unsuccessful attempts to personally serve Hunter with the eviction summons and complaint. On April 14, 2023, the Cook County Sheriff served Hunter with notice of the eviction action via posting and mailed her a copy of the notice. Hunter filed her *pro se* appearance in the eviction case on May 3, 2023.

¶ 9    On May 5, 2023, the circuit court referred the case to the Early Resolution Program (ERP) for assessment. On June 2, 2023, the court entered an order indicating that the ERP completed

their assessment and that the case was not settled. The order transferred the case back to the First Municipal District for further proceedings.

¶ 10 On June 21, 2023, Hunter filed a *pro se* motion to "extend" the proceedings to secure legal counsel. Hunter claimed she was working with ERP and that she had a housing voucher that was going to expire on June 28. Hunter stated that it was hard to obtain other housing because she was in eviction court. She claimed her unit passed inspection, but the building failed because the engineer did not appear. Hunter further claimed the building manager became angry, did not want to re-do the paperwork, and took her to court when the building went into abatement. Hunter stated that Claremont put her in a position to be homeless.

¶ 11 On June 27, 2023, the circuit court entered an order continuing the case to July 13, 2023, for an "in person trial."

¶ 12 On July 5, 2023, Hunter filed a *pro se* motion to dismiss Claremont's complaint with prejudice pursuant to section 2-615 of the Code. Hunter argued that the account statement attached to Claremont's complaint was, in substance, a pleading against the Chicago Housing Authority (CHA). Hunter claimed the account statement was a separate claim against the CHA that was improperly commingled with the complaint. Hunter argued that the complaint violated statutory pleading standards because Claremont commingled its claims rather than pleading separate causes of action for any alleged claims against her or the CHA.

¶ 13 Hunter further argued in her motion that Claremont never served her with the complaint or its five-day notice. She claimed the affidavit of proof of service accompanying the five-day notice was false. Hunter stated that she became aware of the eviction complaint when she received a third-party solicitation in the mail during the last week of April 2023.

¶ 14 Hunter also alleged that Claremont's eviction complaint was factually and legally insufficient because "[Claremont] caused abatement of its own rent from failing CHA's inspection." Hunter argued that the money Claremont alleged it was owed was between Claremont and the CHA. Hunter claimed Claremont's complaint and statement document were "illegal" and that Claremont's negligence "contributed in whole to the injury of which he now complains, i.e., CHA's abated Rent." Hunter asserted that Claremont acted in bad faith in filing its complaint knowing that the property failed CHA's inspection. Hunter stated that any request to amend the complaint would be futile and would prejudice her with homelessness. Hunter asked the court to strike the July 13 trial date, set a briefing schedule for Claremont to file a response to her motion to dismiss and for her to file a reply, dismiss the eviction complaint with prejudice, and seal the eviction record.

¶ 15 Hunter attached several exhibits to her motion to dismiss including the eviction complaint and its supporting documents, the affidavit for service by posting, and the notice by posting requiring appearance in the pending eviction action. She also attached a solicitation for legal services for assistance in the eviction action dated January 31, 2023.

¶ 16 In addition, Hunter attached six pages of notices from the CHA regarding inspections at the subject property. A notice dated August 31, 2022, stated that the property failed an inspection on August 29 and that property conditions were the owner's responsibility. Another notice also dated August 31 stated that the property passed an inspection on August 30. A partial copy of an undated CHA notice indicated the property failed a re-inspection conducted on September 26, 2022, and the property owner was responsible for the violations. This notice further stated that the owner's Housing Assistance Payment (HAP) would be abated effective October 1, 2022, and that

Hunter had the right to request moving papers. It also stated that if no one was present for the re-inspection, the unit would automatically fail and may go into abatement if the inspection was not rescheduled and passed prior to the expiration of the cure period.

¶ 17    Another page from a CHA notice is not numbered or dated and, thus, this court cannot determine with which notice it belongs. A box is checked for damages/conditions caused by the property owner. This section stated that the CHA would provide the property owner with an opportunity to address the deficiencies in accordance with the terms of the HAP contract. The section advised that failure to repair deficiencies may result in an abatement with an effective date of October 1, 2022. It further noted that if payments were abated for 60 days without the deficiencies being remedied, the HAP contract for either each non-compliant unit or all units would be terminated. It stated, "[Y]ou are prohibited from requiring the participant to pay any amounts withheld by CHA."

¶ 18    On July 10, 2023, the circuit court denied Hunter's section 2-615 motion to dismiss Claremont's eviction complaint. The court's written order indicates that Hunter and Claremont's attorney were present in court when the order was entered. The record before this court contains no report of proceedings.

¶ 19    On July 13, 2023, the circuit court entered an eviction order granting Claremont possession of the subject apartment. The written order indicated it was entered "[b]y agreement (the court having made no factual findings)" and was "[s]igned and agreed to" by [Claremont's] lawyer and Hunter. The people present in court were Hunter and Claremont's lawyer, manager, and engineer. The order stated that Hunter must move out of the property on or before August 15, 2023, and if she failed to do so, the sheriff was ordered to evict her. In addition, the order granted Claremont a

monetary judgment against Hunter in the amount of $12,740 in rent and $788.89 in court costs for a total of $13,528.89.

¶ 20    Hunter appeals *pro se* from the eviction order. In her notice of appeal, Hunter asked this court to: (1) void the eviction agreement because she signed it under duress and in fear of homelessness; (2) vacate the eviction order and allow her to maintain possession of the premises; (3) vacate the monetary judgment; (4) find Claremont's complaint legally and factually insufficient on its face pursuant to section 2-615; (5) dismiss the eviction complaint with prejudice; and (6) order the eviction record sealed. Hunter has filed numerous unsuccessful motions to stay the eviction order pending the resolution of the appeal in both the circuit court and this court. She also filed two unsuccessful emergency motions for leave to file a petition for an original writ of *mandamus* in the Illinois Supreme Court.

¶ 21    In her emergency motion to vacate the eviction order and "regain possession" filed in this court on October 16, 2023, Hunter stated that the Cook County Sheriff effectuated the eviction order on October 13. In a subsequent emergency motion filed in this court on October 26, Hunter requested an order to "supersede the trespass notice posted on the property" to enter the premises and retrieve her property. Another division of this court denied both motions.

¶ 22                                ANALYSIS

¶ 23    On appeal, Hunter contends the circuit court erred when it denied her motion to dismiss the eviction complaint filed under section 2-615 of the Code because the pleading was legally and factually insufficient. She further contends the court violated her right to procedural due process when it ignored her written request for a briefing schedule to address her motion to dismiss, and instead, denied her motion *sua sponte*. Hunter also argues that all the orders entered by the circuit

court were invalid because they did not include the language that the court was "fully advised in the premises." In addition, Hunter argues the circuit court erred when it failed to recognize that she signed the agreed eviction order under duress after it disregarded her motion to dismiss, and she feared becoming homeless.

¶ 24    In response, Claremont argues that this court should deny Hunter's appeal as moot because she was evicted from the premises on October 13, and therefore, this court cannot grant any relief regarding the order of possession. Alternatively, Claremont argues that Hunter failed to provide this court with a sufficient record to review the circuit court's rulings because she did not include a report of proceedings. Claremont asserts that this court must presume the circuit court's rulings were correct and affirm the judgment. Claremont further argues Hunter presented no evidence or testimony to establish that she signed the agreed eviction order under duress.

¶ 25    As a threshold matter, we must first consider Claremont's contention that this appeal is moot. Generally, courts do not decide moot issues, render advisory opinions, or consider claims where there will be no change in the outcome, regardless of how the issue is decided. *In re Julie M.*, 2021 IL 125768, ¶ 21. "An appeal is moot if no actual controversy exists or when events have occurred that make it impossible for the reviewing court to render effectual relief." *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10. The facts that must be determined in an eviction action are which party is entitled to immediate possession of the property and whether there is a defense related to the purpose of the action that defeats the Plaintiff's asserted right to possession. *Milton v. Therra*, 2018 IL App (1st) 171392, ¶ 23.

¶ 26    Here, the eviction order granted Claremont possession of the apartment unit and required Hunter to relinquish possession by August 15, 2023. Hunter failed to comply with the circuit

court's order to vacate the unit, to which she had agreed. Instead of vacating, Hunter filed a notice of appeal. On October 13, 2023, the sheriff enforced the eviction order, removed Hunter from the unit, and Claremont regained possession. Claremont then posted a no trespassing notice on the property. On October 30, 2023, another division of this court denied Hunter's emergency motion to bypass that notice for the purpose of retrieving her property.

¶ 27    Consequently, Hunter's appeal from the portion of the eviction order which granted possession of the unit to Claremont is moot because Claremont has already acquired possession of the property. See *Circle Management LLC v. Olivier*, 378 Ill. App. 3d 601, 607 (2007) (the appeal of a forcible entry and detainer action was moot where the circuit court had entered a possession order, and the appellant had moved out, but the court applied the public interest exception to the mootness doctrine); see also *2242 Archer Court, LLC v. Roberts*, 2023 IL App (1st) 221655-U, ¶¶ 14-15 (citing *Circle Management* in finding the issue of possession of the premises moot because the defendant had already been evicted from the apartment); *Georgakopoulos v. Blake*, 2022 IL App (1st) 210668-U, ¶¶ 26-27 (same).[1]

¶ 28    In her reply brief, Hunter states that Claremont's mootness argument is a "Proverbial Red herring" because it did not address the substantive arguments she raised on appeal. Hunter did not otherwise reply to the mootness argument or assert that an exception to the mootness doctrine exists as to the possession order. Accordingly, she has forfeited any challenges to the application of the mootness doctrine. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (points not argued are

---

[1] *2242 Archer Court, LLC* and *Georgakopoulos* are cited as persuasive authority pursuant to Illinois Supreme Court Rule 23(e) (eff. Feb. 1, 2023), which provides that "a nonprecedential order entered under subpart (b) of this rule on or after January 1, 2021, may be cited for persuasive purposes."

forfeited). We therefore find that the appeal from the possession portion of the eviction order is moot.

¶ 29    The eviction order, however, included a monetary judgment against Hunter for unpaid rent and costs which was not rendered moot by the enforcement of the eviction order. See *Poulos v. Reda*, 165 Ill. App. 3d 793, 798 (1987) (although the issue of possession was moot, the claim for rent remained a viable issue). Unfortunately, we find that our review of this portion of the eviction order is hampered by an incomplete record. When reviewing an eviction order entered in favor of the plaintiff, our standard of review is whether the circuit court's ruling was against the manifest weight of the evidence. *Wendy & William Spatz Charitable Foundation v. 2263 North Lincoln Corp.*, 2013 IL App (1st) 122076, ¶ 27. An appellant has the burden of presenting a sufficiently complete record of the circuit court proceedings to support any claims of error, and in the absence of such a record, this court will presume that the circuit court's order conformed with the law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts arising from an incomplete record will be resolved against the appellant. *Id.*

¶ 30    Pursuant to Supreme Court Rule 321 (eff. Oct. 1, 2021), the record on appeal shall include the common law record, including every document filed in the case, and any report of proceedings prepared in accordance with Supreme Court Rule 323 (eff. July 1, 2017). Pursuant to Rule 323, the report of proceedings may be a transcript prepared by court reporting personnel, or in lieu of a transcript, an appellant may file a bystander's report (Rule 323(c)) or an agreed statement of facts (Rule 323(d)). Here, the record does not contain a report of the circuit court proceedings in any format for the July 13, 2023, trial date when the circuit court entered the agreed eviction order.

¶ 31     The record before this court consists of one volume of common law documents, which alone are insufficient to allow this court to find an error by the circuit court in entering the monetary judgment in favor of Claremont. The written eviction order entered on July 13, 2023, indicates it was entered "[b]y agreement (the court having made no factual findings)." The order further shows that Hunter, along with Claremont's counsel, manager, and engineer, were present in court. In addition to granting possession of the subject property to Claremont, the court awarded them $13,528.89 in rent and costs against Hunter.

¶ 32     Without a report of proceedings, this court has no knowledge of what happened in court that day. We know that on July 10, 2023, the court heard Hunter's motion to dismiss the complaint in which she argued that it was the CHA, not her, who owed the past due rent. The circuit court denied that motion, and three days later Hunter signed the agreed eviction order. We do not know what testimony or evidence, if any, was presented by either party or what arguments the parties made before the court. We do not know why Hunter agreed to the eviction order. We do not know the reasoning or rationale that provided the basis for the court to enter the order. Hunter claims that she signed the order under duress and for fear of being homeless, but without a report of proceedings, there is no evidence to support her assertion. Under these circumstances, this court must presume that the circuit court acted in conformity with the law when it entered the agreed eviction order. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005); *Foutch*, 99 Ill. 2d at 391-92.

¶ 33     In reaching this conclusion, we find no merit in Hunter's argument on appeal that the circuit court's orders were invalid because they did not include language stating that the court was "fully advised in the premises." Hunter claims this language is required pursuant to *Foutch*, where the

Illinois Supreme Court explained that when a circuit court order states that it is based upon the court having heard the evidence and arguments of counsel "and being fully advised in the premises" it is presumed the court heard adequate evidence to support its decision. *Foutch*, 99 Ill. 2d at 394. Hunter has misinterpreted the legal proposition from *Foutch*. When the quoted language appears in a written court order, it is an indication that the court heard evidence and arguments that supported its decision. Such language, however, is not required for an order to be legally valid. The fact that the circuit court's orders in this case did not include the quoted language had no effect on the validity of the orders.

¶ 34    Insofar as Hunter asserts that she was denied due process of law, we need not reach constitutional questions when the issues can be resolved on other grounds. *Carle Foundation v. Cunningham Township*, 2017 IL 120427, ¶ 34.

¶ 35    Finally, we address Hunter's argument that the circuit court erred when it denied her section 2-615 motion to dismiss the eviction complaint. Hunter correctly points out that the court's ruling on a section 2-615 motion is reviewed *de novo*, and thus, we do not need the report of proceedings to review that ruling. See *Quiroz v. Chicago Transit Authority*, 2022 IL 127603, ¶ 11 ("A motion to dismiss under section 2-615 is reviewed *de novo* because it challenges the legal sufficiency of a complaint by alleging defects on the face of the complaint."). In reviewing the sufficiency of a complaint, all well-pleaded facts and all reasonable inferences that can be drawn from those facts are taken as true. *Id*. The allegations in the complaint are construed in the light most favorable to the plaintiff. *Id*. The plaintiff is not required to present evidence in the complaint but must allege sufficient facts that present a claim that constitutes a legally recognized cause of action. *Id.* at ¶ 12.

Here, we find that Claremont's eviction complaint was legally and factually sufficient, and therefore, the circuit court's denial of Hunter's motion to dismiss under section 2-615 was proper. Claremont used the eviction complaint form approved by the Illinois Supreme Court, and it is required to be accepted in all Illinois circuit courts. Claremont completed each section of the form and provided the address of the property, the reason for the lease termination being nonpayment of rent, and the amount of past due rent owed for the period of October 1, 2022, to January 31, 2023. Claremont also indicated that it was demanding possession of the property, court costs, past due rent in the amount of $4940, and rent due through the date of judgment. Finally, Claremont attached to the complaint the written lease agreement, its five-day notice to Hunter, and its affidavit of service of that notice. Claremont's complaint presented the factual details necessary to apprise Hunter of the eviction action. Hunter's arguments that it was the CHA who owed the rent rather than her and that the building failed CHA inspections were defenses she could have raised at trial, and possibly she did. However, those challenges do not render Claremont's complaint factually or legally insufficient.

¶ 36                                    CONCLUSION

¶ 37    For these reasons, we dismiss Hunter's appeal from the portion of the eviction order that granted Claremont possession of the unit as moot. We affirm the circuit court's order in all other respects.

¶ 38    Affirmed in part and dismissed in part.