2024 IL App (1st) 231707-U
No. 1-23-1707
Order filed September 19, 2024

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| SAID ISKAN INVESTMENTS, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 M1 708500 |
| | ) | |
| ROSLYN DREW, FREDERICK KOGER, and UNKNOWN OCCUPANTS, | ) | |
| | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | James A. Wright, |
| (Frederick Koger, Defendant-Appellant). | ) | Judge, presiding. |

_____

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the trial court's eviction order granting plaintiff possession of the property.

¶ 2    Defendant Frederick Koger appeals *pro se* from the trial court's eviction order granting plaintiff Said Iskan Investments, LLC possession of a property on the 7600 block of South Damen Avenue in Chicago. We affirm.

¶ 3     On June 9, 2023, plaintiff filed an eviction complaint against defendants Roslyn Drew and Frederick Koger, seeking possession of the property where defendants lived as tenants. Plaintiff attached to the complaint an affidavit attesting that it did not have a written lease with defendants and a January 31, 2023, proof of service of a 120-day notice terminating defendants' tenancy effective May 31, 2023.

¶ 4     On September 13, 2023, defendants filed their answer. Defendants explained they had lived at the property for 17 years—initially the property belonged to Koger's mother, and plaintiff had purchased it approximately five years ago. During that time, they paid plaintiff $750 per month in rent with no written lease, and plaintiff refused to make necessary repairs and had violated the Americans with Disabilities Act (ADA) by failing to install a wheelchair ramp.

¶ 5     On September 20, 2023, the case proceeded to trial. Plaintiff was represented by counsel, and defendant Koger appeared *pro se*. Behrouz Hoghoughi (the manager of plaintiff Said Iskan Investments, LLC) and defendant Koger presented testimony.

¶ 6     Hoghoughi testified that plaintiff purchased the property in 2017. The parties did not have a written lease agreement, but defendants continued to pay rent to plaintiff just as they had done with the previous owner.

¶ 7     Hoghoughi did a walk-through in 2020 and saw the first floor and basement were full of "maybe hundreds of" garbage bags. He asked defendants to remove the bags because they were a fire hazard, but defendants did not. Workers could not make repairs to the interior because of the bags and, starting in 2021, defendants would not allow plaintiff's representatives inside. Plaintiff sent the 120-day eviction notice effective May 31, 2023, and did not deposit any rent checks received after that date. Hoghoughi stated that he returned the rent checks for May, June, and July to defendant but "it cames [*sic*] back".

¶ 8    In his testimony, defendant described plaintiff's failure to install a ramp for his wheelchair-bound wife, to make repairs to windows and doors, and to address water seepage in the basement. He acknowledged plaintiff replaced the roof on the house and the garage and installed a handrail. He did not challenge the 120-day eviction notice as deficient or unenforceable.

¶ 9    After trial, the court found plaintiff had properly served defendant with the 120 days' notice of termination and had met its burden to show its right to possession of the property. On September 20, 2023, the court issued an eviction order granting plaintiff possession of the property and directing defendants to move out on or before October 6, 2023. The court also directed plaintiff to return any rent checks in its possession to defendant and plaintiff's counsel stated that he was tendering two checks for May and June rent "[a]nd money orders, post-money orders" to defendant in the courtroom. And the court said: "Okay. So noted."

¶ 10    On September 22, 2023, defendant Koger filed a motion to vacate the eviction order, which was denied. Defendant appealed *pro se*.

¶ 11    This court denied defendant's motion to stay the eviction order and his subsequent motions to reconsider our denial of the stay.

¶ 12    After defendant filed his appellant's brief, counsel for plaintiff filed a motion to withdraw which set forth that the Cook County Sheriff had executed the eviction order and plaintiff had possession of the property. We granted this motion. Plaintiff did not file an appellee's brief and we entered an order taking the case on the record and defendant's appellate brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 13    Subsequently, defendant filed a "motion to amend" in which he wrote, "My family was displaced when the Cook County Sheriff burst open our door and caused us embarrassment. ***

Everything in our household was thrown away. *** I have no current residence ***." This motion and the motion to withdraw raise a question as to whether the appeal is now moot.

¶ 14     "An appeal is moot if no actual controversy exists or when events have occurred that make it impossible for the reviewing court to render effectual relief." *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10. The only matter to be decided in an eviction action is the right to possession, and whether a germane defense defeats plaintiff's asserted right to possession. *Milton v. Therra*, 2018 IL App (1st) 171392, ¶ 23. Thus, defendant's appeal from the eviction order is moot as plaintiff has already regained possession of the property. See *Circle Management, LLC v. Olivier*, 378 Ill. App. 3d 601, 607-08 (2007) (finding appeal of an eviction order moot where the appellant had moved out following an eviction order, but applying the public interest exception to mootness); see also *6103-07 Claremont, LLC v. Hunter*, 2024 IL App (1st) 231287-U, ¶ 27 (citing *Circle Management* in finding the issue of possession moot because the defendant had already been evicted); *2242 Archer Court, LLC v. Roberts*, 2023 IL App (1st) 221655-U, ¶¶ 14-15 (same).[1]

¶ 15     Courts do not generally decide moot questions, render advisory opinions, or consider issues where there will be no change in the outcome, regardless of how the issue is decided. *In re Julie M.*, 2021 IL 125768, ¶ 21. We may address defendant's arguments only if one of the three recognized exceptions to the mootness doctrine applies: (1) the public-interest exception; (2) the capable-of-repetition exception; or (3) the collateral-consequences exception. *In re Rob W.*, 2021 IL App (1st) 200149, ¶¶ 49-50. The party opposing mootness has the burden to show the exception applies. *People v. Madison*, 2014 IL App (1st) 131950, ¶ 12.

---

[1] "[A] nonprecedential order entered under subpart (b) of this rule on or after January 1, 2021, may be cited for persuasive purposes." Ill. S. Ct. R. 23(e) (eff. Feb. 1, 2023).

¶ 16    Defendant does not directly address the mootness issue in his brief. He does, however, argue that the eviction order will make it difficult for him to secure housing in the future. Such an argument may fall within the parameters of the collateral consequences exception to mootness. See *Chicago Housing Authority v. Santiago*, 2024 IL App (1st) 221252-U, ¶ 28 (applying collateral consequences exception where eviction order could render defendant ineligible for future public housing).[2]

¶ 17    Even if we assumed the collateral consequences exception applies on this basis, we nevertheless would affirm. None of defendant's arguments on appeal are grounds for reversing the eviction order.

¶ 18    First, defendant argues that the trial court erred by "not allowing me to have my witnesses present to give their testimony" and because "[t]here was outstanding discovery that was not allowed." As a factual matter, the report of proceedings shows defendant himself testified at trial, did not attempt to present any witness other than himself, and did not attempt to admit any exhibits. Defendant challenges no specific evidentiary ruling and provides no citation to the record or to authority on these claims as required by Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020).

¶ 19    A reviewing court is entitled to briefs that clearly define the issues, cite to authority, and present a cohesive argument. *Bartlow v. Costigan*, 2014 IL 115152, ¶ 52 (finding claims forfeited where appellant failed to brief them fully). A party's status as a *pro se* litigant does not relieve his obligation to comply. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32. "[A] party forfeits review of an issue on appeal by failing to support its argument with citation to authorities." *International Union of Operating Engineers Local 965 v. Illinois Labor Relations*

---

[2] See *supra*, ¶ 13 n.1.

*Board, State Panel*, 2015 IL App (4th) 140352, ¶ 20. We find defendant forfeited this undeveloped and unsupported argument and do not consider it. See *Bartlow*, 2014 IL 115152, ¶ 52; Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 20    Next, defendant claims that "plaintiff [is] in violation of the ADA." During his testimony, defendant stated that plaintiff had violated the ADA by failing to install a wheelchair ramp for his wife. The trial court found this statement was a conclusion and did not allow it. On appeal, defendant repeats this legal conclusion without articulating any error by the trial court or citing the record or authority, beyond a bare citation to 42 U.S.C. § 12132, without application to the facts. Again, we find this undeveloped and unsupported argument forfeited. See *Bartlow*, 2014 IL 115152, ¶ 52; Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 21    Similarly, defendant has forfeited his argument that the eviction was racially discriminatory by failing to cite to the record or to any authority. See *Bartlow*, 2014 IL 115152, ¶ 52; Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 22    Defendant further contends that "plaintiff lied to lawyer about June's rent." However, the transcripts of the proceedings show that plaintiff's counsel returned the June 2023 rent check to defendant in the courtroom as directed by the court. Regardless, defendant also forfeited this unclear claim by failing to cite to the record or authority. See *Bartlow*, 2014 IL 115152, ¶ 52; Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 23    In addition, and for the first time on appeal, defendant asserts the defense of retaliatory eviction, citing the Retaliatory Eviction Act.[3] See 765 ILCS 720/1 (West 2022) (it is against Illinois public policy for a landlord to terminate a tenancy because the tenant complained to a

---

[3] Defendant does not refer to the more expansive prohibition on retaliatory actions by landlords found in Chicago Municipal Code section 5-12-150 (amended Nov. 6, 1991).

governmental authority of a bona fide building, health, or similar violation). Defendant claims plaintiff "wants to retaliate because we blew the whistle" by demanding repairs to the property. However, defendant at no point stated that he complained to a governmental authority of any violation. Regardless, defendant did not raise this affirmative defense to eviction at trial, and we cannot consider it on appeal. See *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 536 (1996) ("It is well settled that issues not raised in the trial court are deemed waived and may not be raised for the first time on appeal.").

¶ 24    Finally, the main thrust of defendant's argument is that plaintiff failed to make needed repairs, and therefore the eviction order was "wrongful." We deduce that defendant is challenging the order as against the manifest weight of the evidence and requesting that we review the merits of his central claim despite deficient briefing on this point. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001) (reviewing appellant's *pro se* argument even though his brief did not adhere to the requirements of the supreme court rules).

¶ 25    In an eviction action, the only matter before the trial court is the right to possession, including whether a germane defense defeats plaintiff's asserted right. *Milton*, 2018 IL App (1st) 171392, ¶ 23; see also *S & D Service, Inc. v. 915-925 W. Schubert Condominium Ass'n*, 132 Ill. App. 3d 1019, 1021 (1985). Breach of the implied warranty of habitability is a germane defense to eviction. *Circle Management*, 378 Ill. App. 3d at 610. When a trial court has entered an eviction order in favor of plaintiff, we review whether the ruling was against the manifest weight of the evidence. *Wendy & William Spatz Charitable Foundation v. 2263 North Lincoln Corp.*, 2013 IL App (1st) 122076, ¶ 27. A ruling is against the manifest weight of the evidence when the opposite conclusion is clearly evident or when the ruling is unreasonable, arbitrary, and not based on any

evidence. *Id.* We do not reinterpret the evidence; instead, we determine only whether evidence supports the lower court's judgment. *Id.*

¶ 26    After reviewing the record, we find that the court's ruling was not against the manifest weight of the evidence. At trial, defendant complained that plaintiff failed to make needed repairs to windows and doors, and there was water seepage in the basement.[4] Although defendant did not explicitly invoke a defense of breach of the implied warranty of habitability, the trial court apparently understood defendant to be attempting to do so, because it found on the record that the property was not uninhabitable. The court stated, "I did not hear anything from you or anyone else that said that this property, with the things you said needed to be done, made this place [uninhabitable]. And in fact, it was habitable because you remained in the property and you still remain in the property." Moreover, in his appellate brief, defendant writes, "The house is still livable." Evidence supported the trial court's finding that the property was habitable and the defense of uninhabitability did not prevent the entry of the eviction order.

¶ 27    The only issue that remained before the trial court, therefore, was whether the notice of termination was proper. The City of Chicago requires landlords to give 120 days' notice of termination of a rental agreement for a residential tenancy greater than three years. Chicago Municipal Code § 5-12-130(j)(3) (amended Nov. 24, 2020). This expands on the 30-day notice required by the Eviction Act to terminate a tenancy for a term of less than one year. See 735 ILCS 5/9-207(b) (West 2022). The parties agreed they had an oral month-to-month rental agreement. Hoghoughi testified that plaintiff had timely served defendant with a 120-day notice of

---

[4] On appeal, defendant asserts plaintiff's failure to repair violated the Residential Tenants' Right to Repair Act (765 ILCS 742/5 (West 2022)) and Chicago's Residential Landlords and Tenants Ordinance (Chicago Municipal Code § 5-12-070 (amended Nov. 6, 1991)). At trial, however, defendant made no reference to these or any other legal authority. We disregard arguments raised for the first time on appeal. See *Haudrich*, 169 Ill. 2d at 536.

termination, and defendant refused to vacate by the termination date. Defendant did not contest these facts, and the notice was admitted into evidence. The evidence thus clearly supported the trial court's findings that the notice of termination was proper, and plaintiff was entitled to possession of the property.

¶ 28 For the reasons stated above, we affirm the trial court's eviction order.

¶ 29 Affirmed.